UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

TELLY EUGENE REDD, )
)
    Plaintiff, ) Civil Action No. 3:19-CV-P163-CHB
)
v. )
) **MEMORANDUM OPINION**
MARK BOLTON, ) **AND ORDER**
)
    Defendant. )

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on initial review of Plaintiff Telly Eugene Redd's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow a Fourteenth Amendment claim to proceed against Defendant Mark Bolton in his individual capacity and provide Plaintiff an opportunity to file an amended complaint.

## I. SUMMARY OF CLAIMS

Plaintiff is a pretrial detainee at the Louisville Metro Department of Corrections (LMDC). He brings suit pursuant to 42 U.S.C. § 1983 against LMDC Director Mark Bolton in his individual and official capacities.

In the complaint, Plaintiff alleges that he was denied mental health medication during his incarceration at LMDC from July 8, 2018, until February 11, 2019. He indicates that prior to his incarceration, he was on medication for diagnoses of "severe depression, bipolar, impulsive control disorder, anxiety, PTS and institutionalization." He claims that, upon his arrival at the jail on July 8, 2018, he "made nursing and mental health aware that [he] took medication for these psychiatric diseases." He further claims that he was asked to sign "release of info. forms"

throughout the duration of his incarceration at LMDC "to get [his] meds. and getting them never happend."

Plaintiff alleges that on July 22, 2018, he attempted suicide by hanging and was taken to the hospital for x-rays. He continues that upon return to the jail, he was "placed on level 1," and "for 20 days I was kept in suicide prevention before I seen a psych doctor." He claims that while visiting with the doctor, "LMDC officers and Mental Health Staff told the doctor I was manipulating housing. This caused Well Path Psychiatric doctor to neglect me of any meds and mental health services." Plaintiff alleges, "Each time I became fed up with life and tried to get help I was stripped of all personal property and belongs, placed on suicide prevention. I would also ask . . . about my meds only to be told 'sign this release form and we'll get them'" but "getting them never happen."

Plaintiff claims that he spoke with Defendant Bolton about this issue and that Defendant Bolton "stated the he would look into it quite a few times only to have him ultimately tell me, 'I'm not going against my staff even if you are in the right.'" He asserts that Defendant Bolton was made aware of his situation "numerous times but failed to correct or direct Well Path to assist and treat me." He alleges that the denial of "help and medication" constituted cruel and unusual punishment.

As relief, Plaintiff seeks monetary and punitive damages and "relief of current legal matters and treatment psych."[1]

---

[1] It appears that Plaintiff may be receiving treatment at this time based on an attachment to the complaint, wherein he indicates that he was released from LMDC "on 2-11-19. Then on 2-12-19 I was reincarcerated and on 2-21-19 was [] to seen a Psychiatrist and given Prozac."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

The Court construes Plaintiff's complaint as alleging a Fourteenth Amendment claim of deliberate indifference to a serious medical need[2] against Defendant Bolton. As indicated above, Plaintiff sued Defendant Bolton in his individual and official capacities.

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Thus, the official-capacity claim against Defendant Bolton is against the Louisville Metro Government. *See Lambert v. Hartman*, 517 F.3d 433, 440 (6th Cir. 2008).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights*, *Tex.*, 503 U.S. 115, 120 (1992). The Court will address the issues in reverse order.

"[A] municipality cannot be held liable *solely* because it employs a tortfeasor -- or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v.*

---

[2] The Fourteenth Amendment, not the Eighth Amendment, applies to Plaintiff's claims because he is a pretrial detainee, not a convicted prisoner. *See Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018) (The Eighth Amendment provides an inmate the right to be free from cruel and unusual punishment. The Due Process Clause of the Fourteenth Amendment provides the same protections to pretrial detainees."); *see also id.* at 938 n.3 (noting that the Supreme Court's decision in *Kingsley v. Hendrickson*, 135 S. Ct. 2466 (2015), may abrogate the subjective intent requirement of a pretrial detainee's deliberate indifference claim).

*City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994). "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)). To demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

In the instant case, Plaintiff does not claim that any alleged harm or violation of his constitutional rights was the result of a custom or policy implemented or endorsed by the Louisville Metro Government. As such, the Court will dismiss Plaintiff's Fourteenth Amendment claim against Defendant Bolton in his official-capacity/the Louisville Metro Government for failure to state a claim upon which relief may be granted.

The Court, however, will allow Plaintiff's Fourteenth Amendment claim of deliberate indifference to a serious medical need to proceed against Defendant Bolton in his individual capacity.

In the complaint, Plaintiff also mentions Well Path, a "Well Path Psychiatric doctor," nursing staff, and "LMDC officers and Mental Health Staff," but he does not indicate all of their names or actions and does not name them as Defendants. The Court, therefore, will allow Plaintiff to file an amended complaint naming as Defendants in their individual capacities any other persons he claims violated his rights and to describe the facts detailing what each

5

Defendant allegedly did to violate his rights. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013) (allowing for amendment).

## IV.  ORDER

For the foregoing reasons,

**IT IS ORDERED** that the official-capacity claim against Defendant Bolton is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that the Fourteenth Amendment individual-capacity claim against Defendant Bolton will proceed for further development.

Finally, **IT IS ORDERED that within 30 days from the entry date of this Memorandum Opinion and Order, Plaintiff may file an amended complaint** to name as Defendants in their individual capacities any other persons who allegedly violated his rights and to describe the facts detailing what each Defendant allegedly did to violate his rights.  The Court will conduct an initial review of the amended complaint pursuant to 28 U.S.C. § 1915A.

**The Clerk of Court is DIRECTED** to send Plaintiff a *Pro Se* Prisoner Handbook and to place the instant case number and "Amended" on a § 1983 complaint form and send it, along with four blank summons forms, to Plaintiff for his use should he wish to amend the complaint.

**Should Plaintiff file no amended complaint within 30 days, the Court will enter an Order directing service on Defendant Bolton and a Scheduling Order to govern the development of that continuing claim.**

May 29, 2019

*[Signature]*
Claria Boom, District Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendant Bolton
    Jefferson County Attorney
A958.005